# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

October 7, 2020

LETTER TO COUNSEL

RE:     *Sharon S. v. Saul*
        Civil No. DLB-19-1995

Dear Counsel:

On May 13, 2019, plaintiff Sharon S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and plaintiff's response. ECF No. 16 ("Pl.'s Mot."), ECF No. 17 ("Def.'s Mot."), ECF No. 20 ("Pl.'s Resp."). I find no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

Plaintiff protectively filed her claims for benefits on July 8, 2019, alleging an onset date of January 1, 2014. Administrative Transcript ("Tr.") 15. Her claims were denied initially and on reconsideration. Tr. 116-18, 123-26. A hearing was held before an Administrative Law Judge ("ALJ") on May 21, 2018. Tr. 15-24. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-24. The Appeals Council denied plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found plaintiff suffered from the severe impairments of "history of bipolar, attention deficit hyperactivity disorder (ADHD), and anxiety disorder." Tr. 17. Despite these impairments, the ALJ determined she retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: frequent interaction with the public or coworkers while able to remain on task throughout the 8-hour workday.

Tr. 19.  After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could not perform her past relevant work as a cashier/checker, department manager, and office manager but could perform other jobs existing in significant numbers in the national economy.  Tr. 24.  Therefore, the ALJ concluded plaintiff was not disabled.  Tr. 24.

On appeal, plaintiff argues the ALJ failed to properly evaluate her mental impairments.  Pl.'s Mot. 8-20.  She specifically challenges the ALJ's findings that she was not limited in her ability to adapt or manage herself and that she was mildly limited in her ability to concentrate, persist, and maintain pace.  In response, the Commissioner argues the ALJ "followed the applicable rules, and substantial evidence supports the final decision."  Def.'s Mot. 4.  I agree with the Commissioner.

When evaluating the severity of a claimant's mental impairments, the ALJ must employ the "special technique" to rate her degree of limitation in four broad functional areas: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself.  20 C.F.R. §§ 404.1520a(c), 416.920a(c).  An ALJ's assessment of a claimant's mental impairments is a "highly individualized process," in which the ALJ will consider "all relevant evidence."  §§ 404.1520a(c)(1), 416.920a(c)(1).  The ALJ assigns a rating to each functional area based on the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and on a sustained basis."  §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2).  The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme.  §§ 404.1520a(c)(4), 416.920a(c)(4).  A finding of "no limitation" signifies the claimant is "able to function in [the] area independently, appropriately, effectively, and on a sustained basis."  20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(a).  A "mild limitation" signifies the claimant's ability to function "independently, appropriately, effectively, and on a sustained basis" in the area is "slightly limited."  § 12.00(F)(2)(b).[1]

Here, the ALJ evaluated plaintiff's mental impairments under the special technique and found she had no limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a mild limitation in concentrating, persisting, or maintaining pace; and no limitation in adapting or managing herself.  Tr. 17-19.

_____

[1] A "moderate limitation" signifies the claimant's ability to function in the area is "fair"; a "marked limitation" signifies the claimant's ability to function in the area is "seriously limited"; and an "extreme limitation" signifies the claimant is not able to function the area.  20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c)-(e).

*Sharon S. v. Saul*
Civil No. DLB-19-1995
October 7, 2020
Page 3

> Substantial evidence supported the ALJ's finding that plaintiff was not limited in her ability to adapt or manage herself.

Plaintiff first challenges the ALJ's finding that she was not limited in her ability to adapt or manage herself.[2]  Pl.'s Mot. 10-13.  In this area, the ALJ's analysis stated:

> As for adapting or managing oneself, the claimant has no limitation.  She is able to care for her personal needs independently and without reminders and she was adequately groomed for the consultative psychiatric and psychological examinations.  The claimant reported that she does not handle stress or changes in routine well but she has not required hospitalization due to mental health symptoms and her treating psychiatrist did not note significant mental status examination findings when the claimant reported increased stress.

Tr. 19 (internal citations removed).

Plaintiff argues the ALJ's conclusion is not supported by substantial evidence because the ALJ failed to discuss relevant evidence from her function report and from her treating physician's treatment notes.  Pl.'s Mot. 11-13.  Plaintiff contends her function report demonstrated a marked to extreme limitation in her ability to adapt or manage herself.  *Id.* at 11-12; *see* Tr. 237 (reporting she was "not able to handle confrontations with employees and customers" and "would cry or yell, and walk off from situation, so not to explode any further"); Tr. 238 (reporting she felt she was "going insane").  The ALJ discussed plaintiff's function report, including statements that she contends the ALJ ignored.  At step three, the ALJ cited to the function report and noted plaintiff reported not "handl[ing] stress or changes in routine well."  Tr. 19.  The ALJ again discussed plaintiff's function report in the RFC discussion and noted she "stated that she has never been fired or laid off from a job because of problems getting along with other people but she is unable to handle confrontations with employees and customers at work."  Tr. 22 (explaining the RFC limitation that limited plaintiff's interactions with the public and coworkers).  Although plaintiff contends the ALJ ignored statements from her function report at step three, an ALJ is not required to provide an analysis of evidence at each step of the review process.  *See Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018) (explaining that the reviewing court must "read the ALJ's decision as a whole").  Nor is an ALJ required to discuss each piece of evidence.  *See Reid v. Commissioner*, 769 F.3d 861, 865 (4th Cir. 2014).  A review of the entire decision shows the ALJ adequately considered plaintiff's function report.[3]

---

[2] The functional area of adapting or managing oneself "refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting.  Examples include: responding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for yourself independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions."  20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E)(4).

[3] To the extent plaintiff rests her argument on her self-reporting, it is worth noting the ALJ found "[her] statements concerning the intensity, persistence, and limiting effects of [her] symptoms [were] not entirely

Plaintiff also argues the ALJ should have found she had a marked or extreme limitation in her ability to adapt or manage herself based on Reginald Biggs, MD's treatment notes and mental capacity assessment.  Pl.'s Mot. 12-13; *see, e.g.*, Tr. 348 (noting plaintiff "has moments of screaming and intense irritability"); Tr. 354 (noting plaintiff "has been compliant with her medications and feels that they have been very helpful, . . . but she easily decompensates under stress").  The ALJ summarized Dr. Biggs's treatment notes and assessment.  Tr. 21-23.  The ALJ noted plaintiff "complained [to Dr. Biggs] of erratic mood swings that cycled rapidly, moments of intense anger alternating with periods of tearfulness and sullenness, insomnia, thought blocking, poor concentration, decreased energy level, fatigue, avoiding people and crowds in an attempt to avoid confrontations, decreased interest in activities, and some feelings of hopelessness."  Tr. 21.  The ALJ also noted plaintiff "denied a history of hospitalizations due to mental health symptoms," was "generally cooperative," and "[h]er affect and mood were congruent and her speech was within normal limits."  *Id*.  The ALJ further noted Dr. Biggs's treatment records documented improvement with medication, although her depression "persisted" with the medication.  Tr. 21-22.  The ALJ discussed Dr. Biggs's opinion that plaintiff "ha[d] marked or extreme limitation in all listed work-related activities and would be absent from work for four or more days per month" but gave the opinion "little weight" because it was inconsistent with the record evidence, including Dr. Biggs's treatment records.

Plaintiff challenges the ALJ's treatment of Dr. Biggs's opinion and asserts the ALJ failed to compare treatment notes to Dr. Biggs's individual conclusions in the "Mental Capacity Assessment."  Pl.'s Mot. 14.  Plaintiff's argument is unpersuasive.  The ALJ accurately summarized Dr. Biggs's treatment records and found plaintiff was not as limited as Dr. Biggs opined.  Plaintiff essentially asks the Court to reweigh the evidence.  A reviewing court may not reweigh evidence.[4]  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("[I]t is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence.").  The ALJ considered the relevant evidence and concluded plaintiff was not limited in her ability to adapt or manage herself, and her conclusion is supported by substantial evidence.

---

consistent with the medical evidence and other evidence in the record." Tr. 20.  Plaintiff does not challenge the ALJ's evaluation of her subjective complaints.

[4] Plaintiff also cites to 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(F)(3)(f), which specifies that "the greatest degree of limitation of any part of the area of mental functioning directs the rating of limitation of that whole area of mental functioning." *See* § 12.00(F)(3)(f)(ii) (explaining, for example, "if [a claimant] ha[s] marked limitation in maintaining pace, and mild or moderate limitations in concentrating and persisting, [the SSA] will find that [she] ha[s] marked limitation in the whole … area of mental functioning"); § 12.00(F)(3)(d) (explaining that "no single piece of information (including test results) can establish the degree of limitation of an area of mental functioning."). Had the ALJ found, for example, plaintiff had a marked limitation in managing herself but no limitation in adapting, she would have been required to find plaintiff had a marked limitation in the broad functional area of adapting or managing oneself.  That is not the case here.

*Sharon S. v. Saul*
Civil No. DLB-19-1995
October 7, 2020
Page 5

<u>Substantial evidence supported the ALJ's finding that plaintiff was only mildly limited in her ability to concentrate, persist, or maintain pace.</u>

Plaintiff next challenges the ALJ's finding that she is only mildly limited in her ability to concentrate, persist, and maintain pace. Pl.'s Mot. 15-16. In this area, the ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a mild limitation. She alleges that her impairments affect her concentration and ability to complete tasks. However, examinations reveal clear and goal oriented thought process. The claimant obtained an MMSE score of 20/30 during the consultative psychological examination, but during a consultative psychiatric examination only six months earlier, she obtained an MMSE score of 30/30. Per her function report, she is able to care for her personal needs independently, prepare meals daily, and do household chores, go out alone, shop in stores, and count change.

Tr. 19 (internal citations removed). Plaintiff contends this finding is not supported by substantial evidence. She specifically challenges the ALJ's consideration of her MMSE reports, her function report, and Dr. Biggs's assessments. Pl.'s Mot. 15-16. Plaintiff again asks the Court to interpret the evidence differently than the ALJ. This Court is not permitted to reinterpret evidence.

Plaintiff argues her MMSE score of 30/30 from an evaluation with Shakuntala Dhir, MD cannot count as substantial evidence for the ALJ's finding because Dr. Dhir's report "include[d] a prognosis statement that the totality of the evaluation found Plaintiff incapable of working because her prognosis was guarded." Pl.'s Mot. 15 (citing Tr. 323). She argues the evaluation supports a marked or extreme limitation in the area of concentration, persistence, and pace. *Id.* Plaintiff is correct that Dr. Dhir opined her "prognosis for a psychiatric gradual recovery [was] guarded" and noted that she "could be in ind[ividual] psychotherapy." Tr. 323. However, the ALJ discussed Dr. Dhir's opinion, including that plaintiff "ha[d] mental health issues which prevent[ed] her from working." Tr. 22. The ALJ gave Dr. Dhir's opinion little weight because it "[was] not supported by the medical evidence of record, including Dr. Dhir's own examination, which revealed a pleasant and cooperative individual who was able to relate to the examiner, make eye contact, and carry out conversation, and who had good language comprehension and expression, clear and goal oriented thought process, and an MMSE score of 30/30." *Id.*

Plaintiff's argument that the ALJ, once again, failed to adequately consider her function report or Dr. Biggs's assessments is also unpersuasive. She argues the ALJ ignored her statements "that her mental conditions [a]ffected her memory, completing tasks, and concentration," Pl.'s Mot. 16 (citing Tr. 236), but the ALJ specifically noted that "[plaintiff] allege[d] that her impairments affect her concentration and ability to complete tasks," Tr. 19. The ALJ also noted plaintiff reported she "[was] able to care for her personal needs independently and without reminders, take her medications without reminders, prepare meals daily, do household chores, go out alone, shop in stores, and count change." Tr. 22; *see* Tr. 232-34. Regarding Dr. Biggs's assessments, plaintiff argues the ALJ failed to consider his opinions that Plaintiff had numerous

*Sharon S. v. Saul*
Civil No. DLB-19-1995
October 7, 2020
Page 6

marked and extreme limitations, including in carrying out short and simple instructions, maintaining concentration for extended periods, and completing a normal workday or workweek without interruptions from psychologically based symptoms.  Pl.'s Mot. 16 (citing Tr. 359-60). As previously discussed, the ALJ adequately considered Dr. Biggs's treatment records and gave his opinions little weight.  The ALJ's finding that "other than the second MMSE score, examinations [did] not reveal any significant deficits in cognition, memory, or concentration" was supported by substantial evidence.  Tr. 22.

In addition to challenging the ALJ's treatment of Dr. Biggs's opinions, plaintiff claims the ALJ improperly discounted the opinions of the State agency consultants.  Pl.'s Mot. 16.  Plaintiff points out that the consultants found she had moderate limitations in the area of concentration, persistence, and pace.  *Id.* (citing Tr. 58, 70).  Plaintiff argues that "the ALJ essentially went against all doctors" in determining she had only mild limitations in this functional area.  Pl.'s Mot. 16-17. To the extent plaintiff argues the ALJ was required to adopt the opinions of the State agency consultants, or any medical opinion, she cites no support for the proposition.  *See, e.g.*, *Brooks v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2178, 2013 WL 150008, at *1 (D. Md. Jan. 10, 2013) ("[A]n ALJ need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC.  Instead, an ALJ is required to consider 'all of the relevant medical and other evidence.'").  Moreover, despite concluding plaintiff had a moderate limitation in concentration, persistence, and pace, both consultants opined that "[she] [could] persist, attend and maintain acceptable pace for a normal work schedule."[5]  Tr. 60, 72.

<u>The ALJ properly evaluated plaintiff's ability to sustain work throughout a workday.</u>

Lastly, plaintiff argues the ALJ failed to evaluate her ability to sustain work throughout a workday.  Pl.'s Mot. 19-21.  She points out the VE testified there would be no work for a hypothetical person with plaintiff's RFC who is off task 20% of the workday.  *Id.* at 20 (citing Tr. 50).  Rather than identify record evidence supporting an inability to stay on task, plaintiff argues that "[t]he ALJ's decision is completely devoid of evidence that she evaluated Plaintiff's ability to sustain any area of mental functioning on a regular and continuing basis."  Pl.'s Mot. 20 (citing *Folsom v. Berryhill*, No. TMD-16-1681, 2017 WL 4354875, at *3 (D. Md. Sept. 30, 2017)).  I disagree.  At step three, the ALJ provided substantial evaluations of the four functional areas, including plaintiff's ability to concentrate, persist, or maintain pace.  Tr. 18-19.  An ALJ's special technique rating represents the extent to which the claimant's impairment "interferes with [her] ability to function independently, appropriately, effectively, and *on a sustained basis*."  20 C.F.R. §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2) (emphasis added).  Moreover, an ALJ's RFC assessment reflects the claimant's capacity for work activity on a "regular and continuing basis." 20 C.F.R. §§ 404.1545, 416.945; *see also* SSR 96-8p, 1996 WL 374184, at *1.  Therefore, the

---

[5] Plaintiff also invokes *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), and argues had the ALJ properly found plaintiff was more limited in concentration, persistence, or pace, she would have been required to include a limitation in the RFC to accommodate her limitations or an explanation for why no limitation was required.  Pl.'s Mot. 17-19.  However, here the ALJ found plaintiff was only mildly, rather than moderately, limited in this area.  The ALJ's finding was supported by substantial evidence.

ALJ's conclusion that plaintiff could perform work at all exertional levels "implicitly contained a finding that [she] physically is able to work an eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006).[6]

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971) (defining substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). Even if there is other evidence that may support plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the record, and given the evidence outlined above, I find the ALJ's evaluation of plaintiff's mental impairments was supported by substantial evidence, and the ALJ applied the correct legal standards.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF No. 16, is DENIED, and defendant's motion for summary judgment, ECF No. 17, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge

---

[6] Plaintiff's citation to 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00F(4)(a), Pl.'s Mot. 19-20, is unpersuasive. That subsection addresses how the SSA will "evaluate mental disorders involving exacerbations and remissions." *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00F(4)(a) ("We will not find that you are able to work solely because you have a period(s) of improvement (remission), or that you are disabled solely because you have a period of worsening (exacerbation), of your mental disorder."). Plaintiff does not allege her mental disorders involved exacerbations and remissions.